UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND BRYANT,** | ) | **CASE NO. 1:18CV1800** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ALLIED UNIVERSAL SECURITY SERVICES,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of Plaintiff Raymond Bryant ("Plaintiff") against defendant Allied Universal Security Services ("Defendant") (ECF DKT #1). Also before the Court is Plaintiff's Motion to proceed *in forma pauperis* (ECF DKT #2), which is granted.

For the reasons that follow, this action is dismissed.

**I. BACKGROUND**

Plaintiff brings this action pursuant to Title 1 of the Americans with Disabilities Act ("ADA"), which prohibits employment discrimination on the basis of a disability. According to the Complaint, Defendant operates in the City of Cleveland, Ohio, and is responsible for the selection, hiring, employment, discipline and termination of "Private Security Personnel." (ECF DKT #1 at 1). Plaintiff alleges that Defendant discriminated against him by failing to make a reasonable accommodation for the known physical or mental limitations of an otherwise qualified employee "suffering from lack of blood flow to the brain while in the service of the

Defendant." Plaintiff claims that Defendant's "failure to engage in an interactive process" despite his "superior public law enforcement experience, resulted in a failure to identify an appropriate accommodation for a qualified individual." Plaintiff further claims that Defendant disregarded a medical evaluation and Plaintiff's "notice for reassignment," and failed to "schedule a fit for duty examination to seek further clarification to find a reasonable accommodation," choosing instead to terminate Plaintiff.[1] (*Id*. ¶¶ 6-8).

Plaintiff seeks injunctive relief and compensatory and punitive damages. (*Id*. at 2). Attached to the Complaint is a letter dated October 10, 2017 from Vocational Guidance Services for a job coaching position (ECF DKT #1-1), and a statement from First Class Credit Union dated June 30, 2018 (ECF DKT #1-2).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B)). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under §

---

[1] Plaintiff does not indicate when the events described in the Complaint took place, but the Court will assume solely for the purpose of this analysis that Plaintiff filed this action within the limitations period.

1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

Pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted). A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers nothing more than legal conclusions or a simple recitation of the elements of a cause of action does not satisfy the pleading standard. *Id*.

## B. Plaintiff Fails to State an ADA Claim

Title I of the ADA prohibits private employers and employment agencies from discriminating against qualified individuals with disabilities with respect to job application procedures, hiring, firing, advancement, compensation and other terms and conditions of employment. *See* 42 U.S.C. § 12112. As an initial matter, "[a] plaintiff seeking to bring employment discrimination claims under the ADA must first exhaust administrative remedies, and failure to properly exhaust is an appropriate basis for dismissal of an ADA action." *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 492 (6th Cir. 2018) (citations omitted). There is no indication in the Complaint or attachments thereto that Plaintiff sought administrative relief

before filing this action in federal court, and the Complaint is subject to dismissal on that basis alone.

But even if Plaintiff did exhaust his administrative remedies, the Complaint would nevertheless be subject to dismissal for failure to state a plausible claim. While a plaintiff is not required to plead a *prima facie* case in an employment action to survive scrutiny under § 1915(e), the ordinary rules of pleading still apply and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) "offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in *Twombly* and *Iqbal*." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448-49 (6th Cir. 2018) (citation omitted).

Under the ADA, "employers are prohibited from discriminating against a qualified individual with a disability because of his or her disability in employment matters, such as hiring, advancement, and discharge." *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475, 479 (6th Cir. 2012). A "qualified individual with a disability" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8); *see also Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 985 (6th Cir. 2011) (An individual is "otherwise qualified" for a position when that individual can perform the "essential functions," i.e. "fundamental job duties," of the position with or without reasonable accommodation.). "Disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). "Major life activities" include, among others things, seeing, speaking, learning, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A).

Title I claims involve a plaintiff who is disabled and qualified to perform the job with or without a reasonable accommodation, experienced an adverse employment action, and plaintiff's disability was the but-for cause of the employer's adverse employment action. *See Lewis v. Humboldt Acquisition Corp.,* 681 F.3d 312, 321 (6th Cir. 2012) (en banc). Plaintiff's allegations are insufficient to satisfy the basic pleading requirements of an ADA claim.

While Plaintiff claims to suffer from lack of blood flow to the brain, he asserts no other factual allegations from which this Court could infer that he is disabled withing the meaning of the statute, or that he was perceived by Defendant to be disabled. And except to say that Defendant is in the business of "private security personnel," Plaintiff does not identify the position from which he was allegedly terminated. Plaintiff claims that he is "an otherwise qualified employee," but the employment relationship between Plaintiff and Defendant is unclear. In addition, Plaintiff fails to make any factual allegations concerning the fundamental job duties for the position at issue, his qualifications (except to say he has public law enforcement experience), or allege that he could perform the essential elements of the position with or without reasonable accommodation.

The allegations in the Complaint simply do not satisfy the basic pleading requirements for a plausible Title I ADA claim. The Court is left to speculate as to whether Plaintiff is disabled or perceived to be by Defendant, the position at issue, and whether he could perform the essential elements of the position with or without accommodation. The Court is not required to accept Plaintiff's conclusory allegations that attempt to recite the elements of a Title I claim. Where, as here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

5

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff fails to state a plausible Title I ADA claim upon which relief can be granted and that claim is dismissed pursuant to § 1915(e).

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's Motion to proceed *in forma pauperis* is granted (ECF DKT #2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:**  May 20, 2019