**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND BRYANT,** | ) | **CASE NO. 1:18CV1800** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ALLIED UNIVERSAL SECURITY SERVICES,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Raymond Bryant's Motion for Reconsideration (ECF DKT # 5), Amended Motion for Reconsideration (ECF DKT # 6), and Second Amended Motion for Reconsideration (ECF DKT # 7), of the Court's Opinion and Order and Judgment Entry filed May 20, 2019 (ECF DKT # 3, 4).

### I. BACKGROUND

The factual background of this case is detailed in the Opinion and Order from which Plaintiff seeks relief. *Bryant v. Allied Universal Sec. Servs.*, No. 1:18CV1800, 2019 WL 2177011 (N.D. Ohio May 20, 2019). Briefly, Plaintiff brought this action pursuant to Title 1 of the Americans with Disabilities Act ("ADA"), which prohibits employment discrimination on the basis of a disability. According to the Complaint, Defendant operates in the City of Cleveland, Ohio, and is responsible for the selection, hiring, employment, discipline and termination of "Private Security Personnel." Plaintiff alleges that Defendant discriminated against him by failing to make a reasonable accommodation for the known physical or mental

limitations of an otherwise qualified employee "suffering from lack of blood flow to the brain while in the service of the Defendant." Plaintiff claims that Defendant's "failure to engage in an interactive process" despite his "superior public law enforcement experience, resulted in a failure to identify an appropriate accommodation for a qualified individual." Plaintiff further claims that Defendant disregarded a medical evaluation and Plaintiff's "notice for reassignment," and failed to "schedule a fit for duty examination to seek further clarification to find a reasonable accommodation," choosing instead to terminate Plaintiff. *Id*. at *1.

Even with the benefit of liberal construction afforded *pro se* plaintiffs, the Court found that Plaintiff's conclusory claim should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to satisfy the basic pleading requirements of a Title I ADA claim because Plaintiff: (1) did not allege that he exhausted his administrative claims before seeking relief in federal court; (2) failed to allege sufficient facts from which this Court could infer that, within the meaning of the ADA, he was (a) a qualified individual for the job, (b) with a disability, (c) who could perform the essential functions of the job with or without accommodation; and (3) that his disability was the but-for cause of Defendant's adverse employment action. *Id*. at *2-3.

## II. DISCUSSION

**A. Standard of Review**

Plaintiff brings his motions pursuant to Fed. R. Civ. P. 59(e) and 60(b).[1] "For both Rule 59 (e) and Rule 60(b), the burden of showing entitlement to relief is on the moving party." *Melton v. Litteral*, No. 1:17-CV-00120-GNS, 2018 WL 5258626, at *2 (W.D. Ky. Oct. 22, 2018) (citations omitted).

---

[1] Plaintiff also cites D. Kan. Rule 7.3(b). (*See* ECF DKT # 5 at 1-2).

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F. Supp. 2d 1013, 1025 (N.D. Ohio 2004) (internal quotation marks and citation omitted). Rule 59(e) is not intended to give a disgruntled litigant the opportunity to re-argue his case or to re-litigate previously-decided matters. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367, 374 (6th Cir. 1998) (a Rule 59(e) motion is not an avenue to raise arguments that could have been, but were not, raised in the initial complaint); *see also Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.") (citations omitted).

Rule 60(b) provides that: "[o]n motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief."

Like Rule 59(e), Rule 60(b) does not permit parties to relitigate the merits of a claim or to raise

new arguments that could have been raised in the initial complaint. *Sultaana v. Bova*, No. 1:12CV3117, 2013 WL 5507298, at *2 (N.D. Ohio Oct. 2, 2013) ("[Rule 60(b)] does not afford a defeated litigant a second chance to convince the court to rule in her favor by presenting new explanations, new legal theories, or proof.") (citing *Jinks v. AlliedSignal*, Inc., 250 F.3d 381, 385 (6th Cir. 2001)).

**B. Analysis**

In his motion, amended motion, and second amended motion, Plaintiff does not address how the circumstances of this case meet the criteria for evaluating Rule 59(e) and Rule 60(b) motions in order to satisfy his burden. Rather, Plaintiff provides information regarding his medical condition, a Right to Sue letter issued in connection with an EEOC charge filed November 20, 2017, and information regarding the essential functions of the job he performed for Defendant and his qualifications for that job.

In addition, Plaintiff states that when he submitted the "complaint and documents" to the Clerk, he inquired if a copy of his Right to Sue letter and medical documents were required and the Clerk stated "you don't have to do anything pending approval." (ECF DKT # 5 at 2; ECF DKT # 6 at 2). To the extent that Plaintiff is attempting to make the Clerk responsible for the deficiencies of the Complaint, that attempt is unavailing. First, Plaintiff filed two attachments with the original Complaint – a vocational guidance letter and a credit union member statements. It is unclear how the Clerk's alleged statement deterred him from also attaching the Right to Sue letter and medical documents. Second, even if Plaintiff believed the Clerk told him that these documents need not be filed with the Complaint, that belief is not relevant to the complete absence of any factual allegations in the Complaint regarding the pursuit of his administrative

4

remedies, medical issues, essential elements of the job, qualifications to perform the job, or other allegations that would support a plausible claim for relief.

**Rule 59(e)**

All of the information provided in Plaintiff's three motions were available to Plaintiff at the time he filed the Complaint. Plaintiff does not argue that there has been an intervening change in controlling law, new evidence not previously available to him has come to light, or that the Court committed a clear error of law in dismissing the Complaint pursuant to 28 U.S.C. § 1915(e). All of the information and arguments now advanced by Plaintiff in his Rule 59(e) motions were available to him at the time he filed this action and cannot now be advanced to support a reversal of the Court's ruling. *See Hawk v. White*, No. 4:10 CV 2914, 2011 WL 13196080, at *1 (N.D. Ohio Feb. 28, 2011) (adhering to the court's decision dismissing the complaint where, upon reconsideration, the "Plaintiff cites no law or facts that were not available at the time of his original Complaint[.]").

For these reasons, Plaintiff's Rule 59(e) motions for reconsideration are granted but, upon reconsideration, the Court adheres to its Opinion and Order and Judgment Entry entered May 20, 2019 (Doc. 3,4).

**Rule 60(b)**

With respect to Plaintiff's Rule 60(b) motions, the reasons for granting relief under Rule 60(b)(1)-(5) do not apply in case. As to Rule 60(b)(6), the Court has broad discretion to grant or deny relief. *See Smith v. Secretary of Health and Human Servs.*, 776 F.2d 1330, 1332 (6th Cir. 1985) (citation omitted). That said, the Court exercises that discretion under the law of the Sixth Circuit United States Court of Appeals. The Sixth Circuit adheres to the view that a district

court should grant a Rule 60(b)(6) motion "only in exceptional and extraordinary circumstances[.]" *Jinks*, 250 F.3d at 387.

No such exceptional or extraordinary circumstances exist here. Plaintiff simply seeks to belatedly advance evidence and arguments that were available to him when he filed the Complaint. The purpose of Rule 60(b) is not to afford the Plaintiff with a second chance to provide explanations, arguments, legal theories, or proof to the Court. *See id*. at 385 (citation omitted). Plaintiff's Rule 60(b) motions are denied.

### III.  CONCLUSION

For all of the foregoing reasons, the Court adheres to its Opinion and Order and Judgment Entry issued on May 20, 2019 and the Clerk shall terminate Plaintiff's Rule 59(e) and Rule 60(b) motions (ECF DKT # 5, 6, 7).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** November 26, 2019